UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GOODMAN PROPERTIES, INC., d/b/a ) <br> THE GOODMAN COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREG L. BLOSSER, *et al.*, ) <br> ) <br> Defendants. ) | No. 1:11-cv-334 <br> *Mattice / Lee* |

## ORDER

Before the Court is a motion to strike [Doc. 10] filed by Plaintiff Goodman Properties, Inc. d/b/a The Goodman Company. Plaintiff seeks to strike the answer [Doc. 8] and motion to dismiss [Doc. 9] filed by Defendant 153 Chattanooga North, LLC because both documents were submitted and signed by Leonard Bolton, an individual who is not an attorney. No response was filed in opposition to the motion, and only counsel for Plaintiff appeared for a duly-noticed hearing on the motion set for February 9, 2012.

The law is clear that a legal entity such as a corporation cannot appear in federal court except through a licensed attorney. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). In order to proceed in federal court, Defendant 153 Chattanooga North, LLC "must be represented in court by an attorney and may not be represented by an officer." *Wimberly v. Embridge*, No. 03-1737, 2004 WL 193147, at * 1 (6th Cir. Jan. 30, 2004). The answer and motion to dismiss purportedly filed by Defendant 153 Chattanooga North, LLC are both signed by Leonard Bolton, who indicates he is proceeding *pro se* [Doc. 8 at PageID#: 55, Doc. 9 at PageID#: 60]. Because Mr. Bolton cannot represent the LLC *pro se*, these pleadings are improper.

Accordingly, the Court **GRANTS** Plaintiff's motion to strike [Doc. 10] and the answer [Doc. 8] and motion to dismiss [Doc. 9] filed by Mr. Bolton are **STRICKEN.**[1]

**Defendant 153 Chattanooga North, LLC is forewarned that unless an appropriate response to the complaint is filed by an attorney, entry of default and a default judgment could be sought by Plaintiff.**

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any party wishing to object to this order may file an objection with the Court within fourteen (14) days. *See* Federal Rule of Civil Procedure 72(a); 28 U.S.C. 636(b)(1)(A).