UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GOODMAN PROPERTIES, INC., d/b/a ) | |
| THE GOODMAN COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11-cv-334 |
| ) | *Mattice / Lee* |
| GREG L. BLOSSER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Goodman Properties, Inc., d/b/a The Goodman Company, brought suit against Defendants Greg L. Blosser and 153 Chattanooga North LLC alleging Defendants defaulted on a promissory note and breached the guaranty [Doc. 1]. Plaintiff sought judgment against Defendants for the full amount of the indebtedness, along with interest, costs and attorneys' fees. Defendants did not answer the complaint after being served, default was entered against Defendants, and Plaintiff filed a motion for default judgment [Docs. 17, 18 & 19].[1] This matter was referred for a hearing and determination of damages pursuant to Fed. R. Civ. P. 55(b)(2) [Doc. 21]. An evidentiary hearing with respect to damages was duly noticed and held on November 9, 2012 [Doc. 22]. Defendants failed to appear for the hearing.

Taking as true the allegations in the complaint, I hereby **INCORPORATE BY REFERENCE** proposed findings of fact 1-26 as set forth by Plaintiff [Doc. 23], which address

---

[1] Leonard Bolton, a member of Defendant 153 Chattanooga North LLC, attempted to file a *pro se* answer to the complaint and a motion to dismiss [Docs. 8 & 9]. Because a corporation cannot be represented in Court by anyone other than a licensed attorney, Plaintiff moved to strike these *pro se* filings and the Court granted the motion [Docs. 10 & 14]. No licensed attorney ever appeared to represent this Defendant, and Defendant Blosser never appeared.

findings of fact relevant to the Court's jurisdiction, Plaintiff's causes of action against Defendants, Defendants' default, and the contractual provisions entitling Plaintiff to relief as to the amount of indebtedness, pre-judgment interest, costs and attorneys' fees. The Court accepts all such findings of fact.

Based on credible evidence, the Court further finds and concludes as follows:

1. Plaintiff is entitled to attorneys' fees for 27.8 hours of work, which is a reasonable and necessary number of hours incurred in this case. Attorneys' fees are awarded at a blended and reduced rate of $275 an hour, a rate which is reasonable for the Chattanooga, Tennessee area, for a total award of attorney's fees of $7,645.00.

2. Plaintiff is entitled to recover expenses of $1,312.98, which include filing fees, copy costs, and asset and legal research costs.

3. A daily rate of pre-judgment interest was not provided to the Court and, to facilitate the entry of default judgment against Defendants, Plaintiff accepts pre-judgment interest up to and including November 9, 2012 and waives pre-judgment interest accruing from November 9, 2012 until the entry of judgment.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship existing between Plaintiff and all Defendants, and the amount in controversy, exclusive of interests and costs, exceeding $75,000.

5. This Court has in personam jurisdiction over the Defendants pursuant to Tenn. Code Ann. §§ 20-2-214(a)(1), (a)(5) & (a)(6), 20-2-223(a)(1) & (a)(2). Venue is proper in this Court pursuant to the forum selection clauses contained in the Loan Documents and 28 U.S.C. § 1391(a).

6. Pursuant to Rules 54(d) and 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff is entitled to entry of a judgment by default to recover against both Defendant 153 Chattanooga North LLC and Defendant Greg L. Blosser, jointly and severally. Entry of judgment is in accordance with these Rules.

Based on the foregoing findings and conclusions, I **RECOMMEND**[2] that Plaintiff be awarded judgment against Defendants, jointly and severally, for a pre-judgment total of **$745,410.09** damages in the following amounts:

    1.    The principal amount of **$518,000.00**;

    2.    Pre-judgment interest through November 9, 2012 in the amount of **$218,452.11**;

    3.    Attorneys' fees and expenses in the amount of **$8,957.98**; and

    4.    Post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

                             s/ *Susan K. Lee*
                             SUSAN K. LEE
                             UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).